UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD D. LEONARD,

      **Plaintiff,**

  v.                               Civil Action 2:24-cv-3932
                                     Judge James L. Graham
                                     Magistrate Judge Chelsey M. Vascura

HOCKING METROPOLITAN HOUSING
AUTHORITY, *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Ronald D. Leonard, sues the Hocking Metropolitan Housing Authority ("HMHA") and several of its employees for failure to accommodate his disability and interference with his rights under the Fair Housing Amendments Act, 42 U.S.C. § 3601, *et seq.* ("FHAA"), for disability discrimination under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and for negligent training and supervision. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned

**RECOMMENDS** that the Court **DISMISS** Plaintiff's FHAA and Rehabilitation Act claims under § 1915(e)(2) for failure to state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## I. BACKGROUND

Plaintiff resides at a federally funded housing complex in Logan, Ohio, which is managed by Defendants. (Compl. ¶¶ 8, 10, ECF No. 1–2.) Plaintiff alleges that in 2020, his doctor prescribed him an emotional support animal ("ESA"), providing a letter stating that Plaintiff "requires the presence of an emotional support dog at all times and all accommodations should be made to allow this." (Prescription, ECF No. 1-3, PAGEID #18.) Plaintiff alleges that Defendants accepted this prescription in 2020, and it appears that Plaintiff lived in the housing complex with an ESA for almost four years without incident. (Compl. ¶ 15, ECF No. 1-2.) On March 26, 2024, Defendants sent a letter to Plaintiff requesting that Plaintiff provide "some information on [his] dog," namely, "2024 tags," "rabies vaccinations," and a signed "assistance animal agreement." (March 26, 2024 Letter, ECF No. 1-3, PAGEID #14.) Defendants asked that Plaintiff provide the requested items by April 5, 2024. (*Id.*) It appears that Plaintiff did not comply with Defendants' request, as Defendants sent another letter on April 8, 2024, again requesting current dog tags and rabies vaccination. (April 8, 2024 Letter, ECF No. 1-3, PAGEID #21.) The April 8 letter also appears to quote a portion of Plaintiff's lease agreement, indicating that "resident[s]" will "[n]ot be permitted to have a pet unless the HMHA PET AGREEMENT is signed and all requirements of the agreement and the HMHA PET POLICY are being followed." (*Id.*) The April 8 letter closed with a warning that "[f]ailure to provide this information could

result in loss of your pet or housing." (*Id.*) Neither Plaintiff's Complaint or its exhibits describe the terms of any assistance animal agreement, HMHA pet agreement, or HMHA pet policy.

Plaintiff alleges that by requesting that he sign a separate pet agreement, Defendants "unlawfully discriminatorily coerced, intimidated and harassed [Plaintiff] with the threat of losing his ESA and his dwelling unless by April 18, 2024, [Plaintiff] showed need for his ESA, thereby mentally forcing [Plaintiff] as a disabled individual . . . to move out of his unit which constitutes a constructive eviction." (Compl. ¶ 15, ECF No. 1-2.) Plaintiff alleges that Defendants' conduct violates the FHAA and the Rehabilitation Act, and reflects negligence by Defendant HMHA in training and supervising its employees. (*Id.* at ¶¶ 1, 25.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 12–13.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

3

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

4

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III. ANALYSIS

Plaintiff has not stated an FHAA claim either for refusal to make reasonable disability accommodations under 42 U.S.C. § 3604(f)(3)(B), or for interference, coercion, or intimidation in the exercise of his FHAA rights under 42 U.S.C. § 3617. To state a failure-to-accommodate claim under the FHAA, Plaintiff must allege that (1) he suffers from a disability within the meaning of FHAA; (2) the defendant knew or reasonably should have known of the disability; (3) the requested accommodation may be necessary to afford an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation. *See Overlook Mut. Homes, Inc. v. Spencer*, 415 F. App'x 617, 620–21 (6th Cir. 2011). Here, the allegations plausibly suggest that Plaintiff is a person with a disability, that Defendants knew of the disability, that his requested accommodation of possessing an ESA is necessary to afford him an equal opportunity to use his dwelling, and that Plaintiff's possessing an ESA is reasonable. Plaintiff has not, however, alleged that Defendants refused to allow Plaintiff to live at the housing complex with his ESA. At most, Plaintiff has alleged that Defendants asked him to sign a pet agreement, with unspecified terms, in order to keep living in the housing complex with his ESA. There is no indication that Defendants were questioning the legitimacy of Plaintiff's need for an ESA, that the pet agreement would have deprived Plaintiff of the ability to live at the housing complex with his ESA, or that Defendants otherwise violated Plaintiff's rights under the FHAA. Plaintiff's allegations therefore do not raise a plausible inference that Defendants' conduct "mentally forced" Plaintiff to move out of the housing

5

complex or otherwise constituted a constructive eviction. *See Overlook*, 415 F. App'x at 623 (finding no failure to accommodate when an ESA "was allowed to stay with the family, and they were never required to leave their home or otherwise punished for [the ESA's] presence").

Nor do Plaintiff's allegations raise a plausible inference that Defendants acted with "discriminatory animus" as required to succeed on an FHAA interference claim. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613–14 (6th Cir. 2012). Indeed, the April 8 letter quoted a portion of Plaintiff's lease agreement implying that all "residents" with pets, disabled or not, were required to sign a pet agreement. Plaintiff has therefore failed to state a claim under the FHAA.

For the same reasons, Plaintiff has failed to state a claim under the Rehabilitation Act. That Act provides that, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). But, again, Plaintiff's allegations do not give rise to a plausible inference of disability discrimination, because it appears that all residents with pets, regardless of disability, were required to sign a pet agreement.

Finally, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claim. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's claim for negligent training and supervision fails to provide a basis for a claim over which this

6

Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claim for negligent training and supervision implicates only state law and does not arise under federal laws or the United States Constitution. *See*, *e.g.*, *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013) (evaluating a negligent training and supervision claim under Ohio law). Nor has Plaintiff alleged that he and Defendant are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claim. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

### IV. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's FHAA and Rehabilitation Act claims under § 1915(e)(2) for failure to state a claim upon which relief can be granted. The undersigned further

7

**RECOMMENDS** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

8